ROSENDO ARBAN MORENO, por su apoderado, JOSÉ PORTELA PRADO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, Sección Primera (Pedro Amado Rivera, Registrador sustituto), recurrido.

No. 928.—*Sometido:* Julio 2, 1934. *Resuelto:* Julio 23, 1934.

*M. Rivera de la Vega,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En abril de 1918, un registrador de la propiedad inscribió una escritura de enajenación y mencionó la existencia de un censo a que se hace referencia en el documento. En mayo de 1934, un condueño de la finca solicitó se cancelara la mención y el registrador se negó a cumplir. esta súplica, fundado en que no había transcurrido el período estatutario de veinte años contado a partir de la fecha de la mención.

El artículo primero de una ley aprobada en 1923 (leyes de ese año, p. 37) disponía que:

"Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"(a) Las menciones de hipotecas, de censos y de otros derechos para el pago de dinero o precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no solicitare la inscripción del derecho mencionado dentro del plazo de un año siguiente al día en que empiece a regir esta ley, o promoviere, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro."

En 1924 (Leyes de ese año, p. 109) este inciso (a) fué enmendado en la siguiente forma:

"(a) Las menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o no hubiere promovido, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro. Las menciones de censo no se cancelarán de los antiguos o modernos libros del registro cuando la parte interesada solicite la traslación del asiento o mención del derecho mencionado a los modernos libros del registro dentro del plazo de dos años a contar desde el día en que empiece a regir esta ley o promueva dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro; *Disponiéndose, además,* que dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años."

Podría admitirse que, según sostiene el registrador, el fin primordial de la enmienda fué conceder una prórroga dentro de la cual los asientos en los antiguos libros pudieran ser transferidos a los modernos o pudieran hacerse anotaciones de *lis pendens,* como una medida necesaria para impedir la cancelación. De ahí no se desprende, conforme

asume el registrador, que en ausencia de un traspaso de tal índole o de una anotación de *lis pendens* no pueda efectuarse una cancelación hasta después de transcurrido el período de veinte años contado a partir de la fecha en que se hizo la mención, como sucedía bajo la ley de 1923. No se concedió prórroga alguna en los casos de hipotecas o de gravámenes existentes en favor del vendedor. Podría ser que la Legislatura considerara que la prórroga concedida en casos de censos fuera solamente una compensación suficiente por la pérdida del período de veinte años. Sea ello como fuere, la cuestión relativa a si la ley debe ser nuevamente enmendada es una que debe ser resuelta por la Legislatura y no por las cortes.

El párrafo (*a*), según fué enmendado en 1924, interpretado en armonía con la cláusula inicial anterior, que no fué enmendada, no autoriza expresamente la cancelación de menciones de censos, ni después de veinte años a partir de la fecha de tales menciones ni en ninguna otra forma. (Al hacer esta aseveración echamos enteramente a un lado el disponiéndose que puede o no interpretarse en el sentido de incluir menciones de censos). La omisión de la palabra "censos" al enmendar la primera oración del párrafo *a* es significativa. En vez de eliminar la palabra "censos", la Legislatura pudo haber insertado las palabras "excepto conforme se dispone más adelante," enmendando así la ley de tal suerte que leyera "menciones de hipotecas, de censos, excepto conforme se dispone más adelante," etc. No lo hizo así en el momento de efectuar la enmienda. Durante la década que ha transcurrido desde entonces no ha tratado de efectuar ninguna nueva enmienda. Las cortes no pueden ahora restituir las palabras eliminadas mediante legislación judicial con visos de interpretación estatutaria. De acuerdo con la ley, tal como fué enmendada, el período de veinte años es aplicable solamente cuando "las menciones de hipotecas o de precio aplazado de la compraventa de inmuebles" están envueltas. La única cuestión que se discute en los alegatos

es la relativa a cuándo puede efectuarse la cancelación. El registrador, al basar su resolución en el fundamento de que no habían transcurrido veinte años desde la fecha en que se hizo la mención, admitió implícitamente que la cancelación podía hacerse luego de expirado dicho lapso de tiempo. Empero, ya hemos indicado que la ley, tal cual fué enmendada, no autoriza expresamente la cancelación de menciones de censos, a menos que tal autorización pueda hallarse en el disponiéndose. Es cuestión a discutir si en la cláusula que inmediatamente precede al disponiéndose puede hallarse una autorización implícita. Podría decirse con algún grado de plausibilidad que el adoptar la teoría de tal autorización participa de legislación judicial. Por otra parte, debe considerarse que la Legislatura realizó una cosa vana y fútil al prohibir la cancelación de menciones de censos en casos de traspasos de los antiguos libros a los modernos o en casos de una anotación implícita de *lis pendens,* a menos que fuera su intención que en ausencia de tal traspaso y de tal anotación dentro del período especificado debiera hacerse la cancelación. Por ende, llegamos a la conclusión de que la Legislatura, al prohibir la cancelación de menciones de censos, en caso de que las partes interesadas dieran determinados pasos dentro de un período de tiempo especificado, quiso decir que si los interesados no daban tales pasos dentro de dicho período, las menciones estarían sujetas a cancelación.

*Debe revocarse la resolución apelada.*